A new trial is ordered.

## NEW YORK TRANSP. CO. v. O'DONNELL.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

### No. 145.

1. TRIAL—INSTRUCTIONS—EXCLUDING ISSUES.

In an action for the death of a pedestrian struck by an automobile, an instruction that if, when he first saw the automobile he was in a position of imminent danger from it, the doctrine of contributory negligence did not apply to the case, was erroneous, as withdrawing from the jury the question whether the pedestrian was negligent in getting into the place of danger.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 613–623.]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One may be excused for making a mistake when suddenly confronted with imminent danger only when he is without fault in getting into the dangerous situation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Contributory Negligence, §§ 99, 100.]

3. TRIAL—CURE OF ERROR—INSTRUCTIONS.

In an action for the death of a pedestrian struck by an automobile, an instruction that if, when he first saw the automobile, he was in a position of imminent danger from it, the doctrine of contributory negligence did not apply, being erroneous as withdrawing from the jury the question whether the pedestrian was negligent in getting into the place of danger, the error was not cured by instructions in other parts of the charge dealing at length with the question of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 703–718.]

Coxe, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of New York.

Writ of error to review a judgment of the Circuit Court, Eastern District of New York, entered upon a verdict of a jury in favor of the defendant in error, who was the plaintiff below. In the following opinion the parties are designated as in the court below.

Arthur K. Wing, for plaintiff in error.

R. J. Donovan (Herbert D. Cohne, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. In this action the plaintiff seeks to recover damages for the death of William O'Donnell, resulting from injuries received in a collision with an automobile owned and operated by the defendant upon or near the Plaza, New York, in January, 1905. The basis of the action stated in the complaint was the negligence of the defendant's chauffeur. The answer denied the allegations of negligence, and charged contributory negligence.

Upon the trial the court charged the jury with respect to the questions of negligence and contributory negligence, and then went on to say:

"If an accident occurs under such circumstances that the person injured, through sudden fright or fear or confusion, does not have opportunity to do more than make a momentary judgment, and he makes the wrong judgment under the stress of the situation, so that he does not have time to exercise reasonable care, then the doctrine of contributory negligence does not come in. As I understand it, that means this: If this deceased should have, without any warning which reached his intelligence, his senses, if he should have found himself in a position where he had no chance to exercise his judgment, but had to act so quickly that a reasonable man could not have told what he would do, then you must go back to the act that happened, and see whether the defendant had used reasonable care up to the time where this confusion occurred. If this deceased, O'Donnell, without any notice which he had heard, suddenly found himself immediately under the dashboard of the automobile, and if he had stepped back might have avoided. but if he stepped forward could not step quick enough to escape, you should be satisfied as to whether the reason that he was run over was because he did not have time to estimate which way he should go."

Subsequently when the defendant excepted to this portion of the charge, the court said:

"I did not charge that a person would not be guilty of contributory negligence if suffering from fright. I charged that, if a person were in such a situation that a reasonable man would not have a chance to form a judgment, there would be no contributory negligence. It would then be entirely a question of negligence of the defendant."

Thus, in substance, the court told the jury that if, when O'Donnell first saw the automobile he was in a position of imminent danger from it, the doctrine of contributory negligence did not come into the case— that the only antecedent negligence then to be considered was that of the defendant. The charge was erroneous. It withdrew from the jury the question whether O'Donnell was negligent in getting into the place of danger. A person may be excused for making a mistake when suddenly confronted with imminent danger, provided—and only provided —he was without fault in getting into the dangerous situation. Under the very circumstances described by the court the question of the decedent's prior negligence, instead of being out of the case, was of primary importance. It is true that in other parts of the charge the court considered at length the question of contributory negligence. But this did not cure the error. However well the jury were instructed with respect to that doctrine, they were told not to apply their knowledge at the point where it was most important.

As a new trial must be had for this misdirection, it is unnecessary to consider the other questions raised upon the record.

There is error, and the cause is remanded for a new trial.

COXE, Circuit Judge (dissenting). An examination of the record has convinced me that after a fair trial a just result has been reached. In such circumstances it is the duty of the court to sustain the judgment. To justify a decision which casts upon the parties the expense and delay of a new trial and a new appeal, prejudicial error must be shown. The mere existence of error is not enough, it must appear that the defeated party has been injured thereby. Prejudice should not be presumed. It seems to me that reversal in the case at bar is reached by wresting from its context a single sentence of the charge and placing upon it a construction which was not intended by the judge and which the jury could not have understood him to intend. It is conceded in the opinion of the court that the trial judge in other portions of the charge, considered at length the question of contributory negligence. The portion immediately following the first quotation in the opinion of the court is as follows, the italics being my own:

"Then you should consider what happened *before that*, to see whether the man driving the cab, the car, had used reasonable precaution, had used reasonable care in warning him and in running so close to him. But if you should be satisfied that both the driver and O'Donnell saw the nearness with which the automobile was approaching him, if they both used care up to a certain point, if O'Donnell stopped, or if the chauffeur slowed down, and then if they both made a mistake—the chauffeur in letting the machine go ahead, O'Donnell in thinking that the chauffeur was going to wait and attempting to cross—if you think that was the situation, *then you must take the whole transaction into account in deciding whether O'Donnell was guilty of contributory negligence in attempting to cross ahead of the machine*, or in attempting to dodge out of the way, when he should have either stood still or gone straight ahead."

Again the court said:

"You must consider whether this cab came on him so suddenly that he could not think what to do, and a reasonable man in his position would not have been able to see what to do—or whether he saw the cab coming, and was in doubt whether it was coming around the corner or whether it was coming straight, and did not use reasonable precaution in giving the driver room to come; if you *find that he did not use such reasonable precaution, then the plaintiff cannot recover, because the deceased was guilty of contributory negligence.* * * * You must consider whether O'Donnell was also negligent, and whether his negligence contributed proximately to his being struck, *by increasing the rate at which he was walking and attempting to cross ahead.* * * * But if O'Donnell *made a mistake of judgment with the automobile at that distance*, and attempted to go ahead of it, when the chauffeur, as a reasonable man, had a right to suppose that O'Donnell, as a reasonable man, would keep out of the way of the automobile, *then you should find for the defendant.*"

Other portions of the charge to the same effect might be quoted but I think enough has been shown to demonstrate beyond a doubt that the jury were told over and over again that if O'Donnell was guilty of negligence in attempting to cross in front of the automobile the plaintiff could not recover. And yet the judge is, in effect, made to charge the jury that if O'Donnell was guilty of negligence sufficiently gross to get himself into a position from which escape was impossible, his representative can recover.

I cannot believe that the jury understood that they were to follow such an amazing rule of law.

It may be conceded that the language quoted in the opinion of the court would have been more perspicuous if the judge had prefixed his remarks by saying that they applied to a person who without previous fault on his part found himself suddenly in a position of extreme peril. But he did say this in substance several times in his charge and was justified in assuming that the jury would so understand.

Considered in the light of the testimony and the other portions of the charge it seems to me that there is no room for serious criticism of the language used by the judge. His attention was fixed on the one point which he was attempting to elucidate, namely an accident happening in extremis. In order to make his meaning plain he assumed the parties to be in that position and excluded, for the moment, their previous conduct, having fully explained in other parts of the charge that O'Donnell was guilty of contributory negligence if he attempted to cross ahead of the automobile without exercising proper care.

In my judgment the charge fairly construed meant simply this—that the plaintiff was entitled to recover if the jury found the defendant at fault, and that O'Donnell's only negligence was that he did not exercise good judgment when he found himself in the jaws of the collision. This was good law. Coulter v. Merchants' Ex. Co., 56 N. Y. 585.

In my opinion the judgment should be affirmed.